The sole issue on this appeal is whether the court below correctly applied the criminal the defendant has exceeded the threshold used in determining whether he made a criminal out of these criminal activities. The application, though, for 4B1.3... Can I just stop you before you get into the merits of how to constitute it? You need the district court to have applied the gross rather than the net standard? I do. The only reason I ask that is the district court doesn't say, I'm not applying the gross. You make the argument that under the net, you will win. And then he says, the district court says, I don't know who the district court judge is, I don't remember, but the district court then says, well, there was X amount of drugs on the person of the defendant, and there was this long-standing conspiracy involving this amount of drugs, and that means we're over the threshold. So I just couldn't tell from reading the transcript whether what the district court was saying was, even under your net theory, you'd lose given the breadth of this conspiracy it has involved in it, or whether the district court was saying, because I'm applying the gross standard, you lose. I think the guidelines require that the district court make a calculation. The only calculation that the district court made was to conclude that the street value of the crack cocaine that the defendant had in his possession at the time of his arrest was valued at between $14,000 and $15,000, and he had somewhat over $4,000 in cash in his possession, and he concluded that that over $19,000, between $19,000 and $20,000 exceeded the $14,500 threshold. And it seems to me fairly clear that he was using that figure and concluding that that figure represented the total. But just to be precise, if Chris had the numbers, how would we know whether what the district court was doing was applying that numbers on the theory that it was gross that he had to find versus net, or is the argument that if it's ambiguous on that score, we have to remand because we can't tell whether it's gross or net? Is that the idea? As I said, I think it's clear just from the record that he was applying that gross total. Why? Because that's the only total he referred to. He referred to the street value plus the amount of cash in the defendant's possession between $19,000 and $20,000. But he also referred to the whole... Well, to the extent that he said that there were other seizures made, he didn't specify the number of drugs that were attributed or earned by this defendant. And I think that the important here with respect to this guideline is that there are other guidelines which deal with the quantity of the drugs in order to determine the seriousness of the harm or the seriousness of the drug offense. And that, of course, is a gross total. Isn't it implicit in what he said that he took a look at the entirety of this conspiracy, your clients traveling back and forth to Michigan, sending money home to his family, the fact that he had two other large sales during the summertime? Wasn't this all implicit in the determination that the threshold, either on a net or a gross basis, was exceeded? I don't think so, because I don't think there's any... There's no specific reference to any amounts. And, of course, as I said, this requires a calculation. The district judge did not make any calculation other than the $14,000 or $15,000 plus $4,000, and that's it. That's what the government argued in its memorandum. That's what the district... Well, so I understand the gross point. If you use the gross theory, we'd have to... And as I read it, you said it should be... The defendant said it should be net benefits, and so we'd have to then make a judgment as to gross or not. But assuming that what the district court was doing was making a net calculation implicitly based on looking at the record as a whole, am I right that the defendant did not, at that point, present to him any argument about what the calculation should have been? Because as I read the transcript, the defendant says, look, I win under net benefits theory. District court then says, well, looking at everything, you lose. The defendant didn't then say, well, wait a second, you haven't made a calculation, or here's the numbers that you should have applied. So to me, that suggests that maybe with respect to the net calculation, we'd be on plain error review unless the error the district court made was applying a gross standard versus a net standard. I think the record supports the position that the defendant below took the position that as a matter of law, you have to use net, and that... Yes, you preserved that argument. You presented it to the judge. The judge then said, without referring to gross or net, well, I do think that you meet the standard for the guidelines. It's unclear whether it's gross or net. I would have read it the way Judge Stahl read it, which is that it's implicitly a net issue, and that you at that point did not say, no, Your Honor, you actually have to do much further calculations than you have done, and you must net out any expenses. And if that's so, then it's plain error. It's certainly true that there was no alternate calculation presented, but I think the... Or even an argument made to the judge, sorry, this isn't sufficient. I think it's implicit equally in the record that the defense counsel was saying that if you decide that this is net, it's clearly erroneous, given the figures involved. Did the government argue to the contrary on a net theory, or was the government's argument solely based on a gross theory? I think the government's argument was solely based on a gross theory. They presented the street value plus the amount in his possession and said that that's clearly over the $14,500. And were they referring to gross or net in that argument? They didn't specify. The government didn't specify. They didn't specify. But the only figures they used were gross figures. So my position is that... But in any event, you'd start with the gross figures. And if the gross figures are so large that no rational person would think if you netted out his expenses, he would be below the guideline, isn't that the situation? By no means. I think what's important to recognize is there wasn't a lot of drugs involved in this alleged conspiracy. The total amount of drugs attributed to all five conspirators was 1,186 grams. Now, at a street value of $80 a gram, which is what was in the record, that comes to a total of about $94,000 total for the entire conspiracy. Now, if you just apply a very conservative one-third cost to that number, you come out with $18,900 per conspirator in terms of their gross profit. The gross is $18,900 per conspirator. And if you apply a one-third cost of the drug, which is conservative, you come out below the value, the $14,500 threshold. So this is not a conspiracy where you're dealing with these huge numbers of drugs. But you can see, so if I get it right, read this transcript. There's no need to do a whole lot of figuring if the right standard is gross. Yes. You're right. So in the fact that there wasn't a whole lot of figuring then suggests that the district court, we should understand, was applying a gross standard. If it was a net standard, the only way you could be confident is if you did a little bit of deeper calculation that was done here. And since that wasn't done, we should understand the district court to apply a gross standard. As I say, I think that there are either of two positions here. Either the judge was wrong as a matter of law in applying gross rather than net, or he was clearly erroneous in determining on the basis of the amounts involved here that there was more than the threshold attribute that was actually earned by this defendant. There was no evidence from the defense as to an alternate source of income actually earned in Maine as an occasional giver of haircuts. He certainly argued that, and we're not pressing that seriously on this appeal. I think the focus is on net versus gross, and I think that the court was wrong with respect to that and that alternatively it should be remanded for a calculation based upon the correct standard. Thank you. Thank you. One of your honors, may it please the court. Renee Bunker on behalf of the United States. So there's no question about that there was a pattern of criminal conduct involved, and there's no question anymore that the defendant, there was zero evidence of any legitimate source of income during Mr. Gordon's time in Maine, nor did the defendant object at all to the pre-sentence report by mentioning net income, that these calculations are wrong, the guideline can't apply here. No, but before the district court, he certainly made the argument, and the government's suggestion that that argument is subject to plain error review I don't think is worn out by the record. So can we proceed on a clear error except for this question of further objections? Well, that's where I was going. One of the reasons the government also did not mention net or gross, it was sort of a holistic picture of conspiracy as a whole in the government sentencing memorandum. Let's look at this snapshot on July, January 9, 2015, of this 186.3 grams of crack in a Pringles can and over $4,000 in cash in that one snapshot, and then in looking back in hindsight, the baseball-sized rocks of crack cocaine that CW2CL had described bringing to Gordon to distribute in the summertime. I think the reasonable inference is that both the government and the district court took a bigger picture of this. I don't understand what that means, took a bigger picture. Does that mean they took a bigger picture under a gross standard or under a net standard? I don't think either the government or the district court was breaking it down that way. Well, that means that that's a problem for you, because that means that arguably the district court relied on a gross standard. And if that's wrong, and that's not subject to plain error because the defendant clearly raised the district court that it should be net, then the proper solution should be to remand. I have at least two comments. Going back to what happened during the first time the word net income came up was during the sentencing hearing, as Judge Lynch just mentioned. And it was somewhat cursorial. Absolutely, quote, net profit was what the defense counsel said the court should focus on. The court then made its rulings and ruled against the defendant with not going down rabbit holes regarding calculations that were never presented, only presented here for the first time. But maybe the reason it didn't do that is because it was applying a gross standard. Did the government make a reference to whether the standard was gross or net? It did not. It just was silent on that point? It was silent. And on appeal, you don't make the argument that the district court relied on a net theory. I didn't see that in your brief. I thought you were only arguing on your brief that even if it relied on a gross theory, it was fine because plain error review would suggest that it wasn't clear whether gross or net was the standard. That is among the arguments we made. Do you make the argument in your brief? Because I didn't see it, but I don't know where it would be, that the district court should be upheld even if it applied a net theory? I think we go down that, and I have calculations right here where we could walk through. Again, the calculation is what it means. So here we are for the first time in appeal saying we have a standard. Yes, but the government was alerted to this issue and proceeded to provide the district court with almost no help on it, didn't refer to it, didn't. If you were allowed to present us with calculations, why weren't they presented to the district court? I think in large part because the bantering about whether it was net or gross, and I wanted to finish up that second part of the answer to your prior question, Judge Barron, was not actually live until the sentencing hearing, whether it should have been or not. But case law does not squarely hold that the test is net by any means. There are a number of cases where these significant... But why don't you get the relevance of that? The district court was informed prior to sentencing by the defendant that the defendant was of the view that the determination of whether the violence applied had to be based on a net rather than a gross judgment, correct? During the sentencing hearing, the court was... Is that different than what I said? Well, sometimes. In terms of the... Prior to the sentence being imposed, the defendant informed the district court that the guideline could only be applied on a net theory, right? That's correct. Okay. So the issue is when the district court then imposed the sentence, was it applied in that theory or the gross theory? And what in the transcript tells me which one it was applied? I don't think it's clear, Your Honor. Well, then why do we need a remand for the district court to now do it under the right standard if the right standard is not gross but net? Because the question of whether it's gross or net is not subject to plain error view since the district court was informed of the defendant's view that net was the right standard. I'm not sure I agree. I think when the district court then made its calculations and there was absolutely, impliedly, perhaps looking at the bigger picture, not only the gross proceeds coming in but what was perhaps paid out, that when the defendant never objected to that analysis, never objected to the lack of the specific mathematical calculations now sought on appeal, that would kick in plain error view. If the district court was applying a net theory, I agree with you. But if the district court was not, if we can't tell which it was, and it's possible it was applying a gross theory, as to whether it should be gross or net, that's not subject to plain error. Well, I respectfully might disagree because this court hasn't ruled on net or, the guideline doesn't, it uses the word income, doesn't say net or gross. A number of cases clearly are not using net and some clearly are. So I don't see how it would be plain error for the court to ask. It's not subject to plain error review because the defendant, prior to the sentence being imposed, gave the argument that it should be net rather than gross. Judge Stahl. Isn't the burden on the government on this issue? It is. And so, following up on what Judge Barron just said, the government didn't seem to, at least to me, hasn't seemed to have satisfied that burden. How has it satisfied the burden? You didn't do any of these things, you didn't raise the issue in that form. The government had the burden to show that it was more likely than not that Gordon was engaged in criminal libel from his trafficking. And the government highlighted the significant seizures, the snapshot in the day of arrest, and the cash seizures and urged the court to draw reasonable inferences from that. But if you take counsel's position that this was not a huge conspiracy, there were several people involved and a relatively small amount of drugs involved, how do you meet the burden? I disagree that it wasn't a fairly significant conspiracy. Going from end of 2013 into January 2015 with significant amounts of crack cocaine and the proceeds from one day snapshot being upwards of $19,000, over $19,000, and then you add baseball-sized rocks of crack cocaine from CW1 to Gordon in the summer and you add the other transactions, I think... Well, what number do you get to? Because the number that we heard was $82,000 for the entire conspiracy. Is that about right? For the entire conspiracy? I'm not sure how you get that number, but... Well, what number are you... I mean, I understand that... Your calculations, as I did them, make it a close call if net is the standard. It's not like this is $100,000 under a net theory is going to be. So it's just obvious that under any theory he's guilty. If you use a net theory, the defendant argues that even on your own calculations, it seems like it's a close call. I don't think we have the information to do a lot of the net analysis, really. We have the... I mean, if you can take the amount seized, which was $19,127, add $1680, you're up to $20,807, add the equivalent for the baseball-sized blocks of crack, giving the defendant the benefit of the $40 per half grand piece, gets you at about $79,559, which is five times the threshold. On the gross theory? On the gross theory. And that's as to every conspirator, not just to him? That is just to the defendant. I haven't added the 900 grams that the probation officer, using just .2-gram pieces, used. So that doesn't include the 900-gram conspiracy-wide amount. So on your theory, it's just attributed to him directly is $79,000? I think the court can easily get there. Using the amount seized on January 1, adding the $1680, which would be the Thanksgiving proceeds, not the Christmas, because we'll assume that was seized in January, Thanksgiving proceeds, and then CW1 talking about those baseball-sized pieces of crack. She described the crack in the Pringles can two days before that she saw to be a fist size. So I am using fist to be baseball is at least a fist size. You add those, that crack is 366 grams, and you're easily at $79,559 just with Mr. Gordon, Marco Gordon. So you're arguing really that Mr. Shapiro's client was the big fish, and the rest of them were bid players? Russell Gordon was ahead of all of them. If I've understood it correctly, you would also factor in there's no other source of income, and indeed that argument has now dropped out. He manages to send money back home. He also manages four trips back to Detroit, is it? Yeah, he has. There are no employment receipts, no evidence, no customers, no witnesses, nothing to support that he was doing any barbering. All those letters, even the person who does it. I think you're missing the point, and Mr. Shapiro dropped that. If there's no other visible means of support, and he also has expenditures out of the drug transactions that amount to sending money home and going back home, then the figure might actually be bigger than the $79,000 that you've calculated. Correct. And the focus, my understanding after reading the reasons for the guideline amendment going back years and cases Luster describes it well and Kerr, which is the commission, cites in its reasons, the focus is on what was the defendant's primary occupation after that, not the percentage of income compared to some net legitimate income. And I think the evidence here was clear that the defendant's primary occupation while in Maine was trafficking crack cocaine. And the next question is whether his income from that was substantial, meaning was it at least $14,500. We don't know how income is defined. Some cases define it one way and other circuits and cases define it in other ways. And on your theory, we wouldn't need really to get into that gross versus net because you would say the evidence is ample even if the court were using the net theory. Correct. Can I just understand the calculation? So I get the $19,000 is the drugs that were on him. And then there's the drug sales in November 2014. That's the $1,600, right? That's $20,000. $1,680 were the Thanksgiving and Christmas, but I'm not counting Christmas. So to get to $79,000, the remaining $59,000 is the baseball-sized drops of cocaine? Right. How did you get that $59,000 from those two things? I did. And we were doing, again, it's in the government supplemental appendix, CWC, CL, she stored drugs and guns. And she said on January 7th, I saw a fist-sized piece of crack cocaine in her crinkle scan. That's clearly what was seized. No, that's at least what was seized. So my theory is the fist, the baseball, it's no less than 183.6 grams because apparently Gordon made a sale that morning on January 9th. So I took the 183.6 times two, two baseball sizes, or two fist sizes, and that's how I got 366 additional grams of crack that went just to Gordon for him to distribute out of that Montgomery. And that adds up to $72,000? I'm sorry, that adds another $29,376, which I added to the $20,872. So that's $49,000. I think the two additional. But my number, just even on your account, that's 60, I'm just not getting your number. That's $49,000, not $79,000. I had $29,000 added to. $20,000. $29,000 to $20,000 would be $49,376. So how did you get to $79,000? I don't know, Your Honor, right now. Okay, this is why we want to worry about trying to do the calculations now rather than before the dispute court. I don't know where I got. Either my math is off and I meant $49,000, or I stand corrected at least here. And what's the profit margin that he contends he makes on the sale? That analysis was not done. That appears for the first time on appeal in the dispute case. No, but if the district court did it on a net basis, it must have been doing that calculation implicitly. So what would be a reasonable profit margin that one makes on a gross amount of $49,000? I can't proffer that answer. I don't know. Because you might think that, you know, a 30% profit margin is pretty good, but that would be right at about $14,500. So it would hardly be obvious that the district court had done the calculation and come to $14,500. Like I said, I think there's a good inference to be made that the district court heard the defendant's argument during the sentencing hearing that the focus was on net and appliedly looked at the big picture and considered a couple hundred dollars here and there to CW1 for storing the drugs. But I can't at this juncture say what sort of profit margin the court used. I think part of the concern is that defense counsel clearly raised the issue and to say it again, the government just let it drop rather than engaging in it. And so we don't know precisely what happened below. And maybe the defendant having raised the issue when the district judge issued it somewhat of an ambiguous order should have said more. I don't know. Should have said more to alert the district court and the government that these calculations, these sort of ballpark calculations just weren't enough. And that's your plain error argument. Not that initially he didn't raise it, but after the judge rules, he had an obligation to come in and say, no, judge, you haven't taken care of the problem. That is our plain error argument. And at both ends, to ensure the record could have been more robust, as in other cases at the same time when the judge heard the defense's argument that is not necessarily supported by case law, that net profit is the litmus test, to the extent he believes that the district court erred in not following suit, an objection would have certainly preserved the issue for greater review. With that, we'll submit. Thank you.